UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LARISA KONONOV,                         No. 2:10-cv-00099-MCE-EFB

      Plaintiff,

  v.                                    MEMORANDUM AND ORDER

EXPEDIA HOME LOANS, et al.,

      Defendants.

----oo0oo----

This action arises out of a mortgage loan transaction in which Plaintiff Lisa Kononov ("Plaintiff") refinanced her home in November 2006. Presently before the Court is a Motion by Defendant MortgageIT, Inc. ("Defendant") to Dismiss the claims alleged against it in Plaintiff's First Amended Complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant also filed a motion to strike.[1]

---

[1] Because oral argument will not be of material assistance, the Court deemed this matter suitable for decision without oral argument. Local Rule 230 (g).

1

1   Defendant removed this case from Superior Court, County of
2 Sacramento to federal court, Eastern District of California on
3 the basis of federal question jurisdiction after Plaintiff's
4 original Complaint made reference to possible violations of the
5 Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and the
6 Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 et seq.
7 ("RESPA").
8   However, Plaintiff's First Amended Complaint does not
9 formally allege causes of action under federal law.  Although
10 Plaintiff references TILA, RESPA, and the Equal Credit
11 Opportunity Act ("ECOA"), Plaintiff only refers to them as a
12 predicate harm for finding liability under the California
13 Business and Professions Code § 17200, a state law claim.  (First
14 Am. Compl. ¶¶ 86 & 88-89.)
15   Under 28 U.S.C. § 1331, "general federal-question
16 jurisdiction [] is applicable only when the plaintiff sues under
17 a federal statute that creates a right of action in federal
18 court."  Williams v. United Airlines, Inc., 500 F.3d 1019, 1022
19 (9th Cir. 2007) (citing Merrell Dow Pharms. Inc. v. Thompson, 478
20 U.S. 804, 807-12 (1986)).  "'Arising under' federal jurisdiction
21 only arises...when the federal law does more than just shape a
22 court's interpretation of state law; the federal law must be at
23 issue."  Int'l Union of Operating Eng'rs v. County of Plumas, 559
24 F.3d 1041, 1045 (9th Cir. 2009) (emphasis previously added).
25 Here, the state law cause of action, does not turn on
26 construction of federal law.  Id.  Rather, it is influenced by an
27 application of the federal law to the state law claim.  Id.
28 ///

1    Accordingly, the Court acknowledges Plaintiff's First
2 Amended Complaint as being comprised entirely of state law
3 claims.  With only state law claims alleged, this Court ceases to
4 have subject matter jurisdiction over the suit.  The Court need
5 not address the merits of Defendant's Motion to Dismiss (Docket
6 No. 18) as those issues are now moot.  In addition, Defendant's
7 Motion to Strike (Docket No. 21) is moot.
8    For the reasons stated above, Plaintiff's suit is REMANDED
9 to Superior Court of California, County of Sacramento.  The Clerk
10 is directed to close the file.
11    IT IS SO ORDERED.
12
 Dated: May 26, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3